IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GREGORY D. COLEMAN, § | |
| #011153, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:23-cv-01541-B (BT) |
| § | |
| BRENDA BLISSETT, et al., § | |
|     Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Gregory D. Coleman, a state prisoner, brings this *pro se* civil action against an allegedly negligent driver who injured him. However, Coleman has failed to establish subject matter jurisdiction exists, and the Court should dismiss the case without prejudice.

**Background**

Coleman initiated this action by filing a handwritten complaint on the court-approved form for a prisoner's civil rights case and a motion for leave to proceed *in forma pauperis*. As best the Court is able to discern, Coleman alleges that, on June 7, 2022, he was a "passenger buckled-up [in a parked truck] at Nation Citizens Bank" in Waxahachie, Texas, when a vehicle with an unknown owner and operator came speeding through the parking lot and "rammed" into his truck. (ECF No. 6 at 1.) Coleman allegedly sustained severe injuries to his neck, back, chest, ribs, fingers, and elbow as a result of

1

the collision. As relief, Coleman asks for "the courts to argue [a] claim regarding negligence(s) of all partie(s)." Compl. 4.

## Legal Standards

The Court is "duty-bound" to examine its subject-matter jurisdiction *sua sponte*. *Burciaga v. Deutsche Bank Nat'l Tr. Co.*, 871 F.3d 380, 384 n.4 (5th Cir. 2017); *see also Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999) (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

Federal courts have limited subject-matter jurisdiction and cannot hear a case unless authorized by the Constitution or a federal statute. *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). District courts have original jurisdiction over two types of cases: (1) those that arise under federal law, *see* 28 U.S.C. § 1331 (federal question jurisdiction), and (2) those in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332(a) (diversity jurisdiction). *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002), the Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of

2

establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted).

## Analysis

Here, Coleman fails to sufficiently plead facts supporting federal question jurisdiction. Liberally construed, Coleman asserts a claim for negligence. However, negligence is a state law claim—arising under Texas law, not federal law. And there is generally no federal question jurisdiction when the plaintiff pleads only a state law cause of action. *See Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Coleman also fails to plead facts demonstrating diversity jurisdiction exists. Coleman alleges that he lives in Corsicana, Texas. Compl. 1, 3. And he has named three defendants. Two of the defendants are located in Texas, and one of the defendants is "unknown" and without any address. *Id.* Because Coleman has failed to plead complete diversity of citizenship, he cannot meet his burden of establishing diversity jurisdiction exists. *See Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994); *see also Pershing, L.L.C. v. Kiebach*, 819 F.3d 179, 181 (5th Cir. 2016).

3

Even under the most liberal construction of his pleadings, Coleman has failed to allege facts supporting either federal question or diversity jurisdiction. The Court should therefore dismiss this action for lack of subject-matter jurisdiction.

## Conclusion

The Court should *sua sponte* DISMISS this case for lack of subject-matter jurisdiction.

**SO RECOMMENDED**.

December 26, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)